## DUNN *v.* O'KEEFE.

*(Supreme Court, General Term, Third Department.   May 26, 1890.)*

**1.** JUSTICES OF THE PEACE—PROCEDURE—ABSENCE OF DEFENDANT.

Where the summons in a justice's court is returnable at 9 A. M., and the justice calls the case at 9:45, and, in the absence of defendant, waits until 10 before proceeding, it is a compliance with Code Civil Proc. N. Y. § 2893, requiring the justice to wait one hour after the hour specified in the summons for its return, unless the parties sooner appear.

**2.** NEGLIGENCE—EVIDENCE—OFFER TO SETTLE.

Where defendant, after driving into and breaking plaintiff's wagon, requests plaintiff to have the wagon repaired, and promises to pay the cost thereof, and plaintiff acts on the promise, it is a substantial confession by defendant of his negligence, and an agreement as to the measure of damages.

Apppeal from Washington county court.

Action by James Dunn against John O'Keefe, originally commenced in a justice's court, to recover damages from defendant for negligently running into and breaking plaintiff's wagon. The justice rendered judgment in favor of plaintiff for $16.10, the amount it cost to repair the wagon, and $2.15 costs. The county court affirmed the judgment, and defendant again appeals. Code Civil Proc. N. Y. § 2893, provides that, upon the return of a summons duly served, the justice must wait one hour after the hour specified therein for its return, unless the parties sooner appear.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*C. R. Patterson,* for appellant.   *F. A. Pratt,* for respondent.

LANDON, J.   The defendant did not appear in the justice's court. The summons was returnable at 9 A. M.   The justice called the case at 9:45 A. M., but waited until 10 before proceeding with it. This was a compliance with the statute, which requires the justice to wait one hour. Code Civil Proc. § 2893.

The plaintiff's testimony tended to prove his case. The circumstances detailed justified the inference that the plaintiff was free from negligence, and that his wagon was broken by means of the defendant's negligence. The defendant, in his subsequent conversation with plaintiff, requested him to have the wagon repaired, and promised to pay the cost thereof. This was a substantial confession of his negligence, and an agreement as to the measure of damages. The plaintiff acted upon it. Substantial justice was done. Judgment affirmed, with costs. All concur.